NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2014[*]
Decided June 9, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1254

| | |
|---|---|
| DAVID VANDERLEEST, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-C-1432 |
| CITY OF GREEN BAY, *Defendant-Appellee.* | William C. Griesbach, *Chief Judge.* |

**O R D E R**

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

David VanderLeest appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging that Green Bay officials denied him due process as well as his right to a jury trial, and imposed excessive fines. We affirm.

As set forth in his complaint, the allegations of which we accept as true, *see Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013), VanderLeest, a landlord in Green Bay, was unlawfully targeted and excessively fined for violations of the city's housing code. Although his complaint is somewhat difficult to follow, he appears to allege that (1) Green Bay city officials conducted warrantless searches of his property in violation of the Fourth Amendment, and conspired to cite him for violating municipal housing ordinances and then to assess him exorbitant fines in violation of the Eighth Amendment, and (2) court officials denied him due process by conspiring to derail his legal challenges to the city's actions, thereby depriving him of his Seventh Amendment right to a jury trial during a municipal hearing on his housing-ordinance violations.

The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. The court found that VanderLeest did not state a claim for an unconstitutional search because he never alleged that any city official actually searched his property without a warrant (indeed, he recounts five instances in which city housing inspectors *agreed to leave* after he refused to consent to searches of his property). As for his claim regarding excessive fines, the court found no basis to conclude that a $681 fine for an offense that allegedly cost the city only $15 was grossly disproportionate to the gravity of the offense under the Eighth Amendment, particularly after accounting for safety concerns and any administrative inconvenience to the City. Finally, his jury-trial claim was not actionable because the underlying action was an ordinance-enforcement proceeding, not a "suit at common law," and in any event the Seventh Amendment does not apply to the states.

On appeal VanderLeest has submitted a brief that largely mirrors the complaint he filed in the district court, though it adds an undeveloped argument that the city's actions are fraudulent within the meaning of the criminal code. We have reviewed the record and considered all of VanderLeest's arguments, and affirm for substantially the same reasons stated by the district court in its dismissal order. *See also* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.